United States District Court
Southern District of Texas
**ENTERED**
May 17, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HEZRON NYATOME, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:21-cv-2177 |
| § | |
| SP PLUS, INC., § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

This employment discrimination case is before the Court on Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Complaint.  ECF No. 8.[1]  Plaintiff, who is proceeding *pro se*, filed a response.  ECF No. 14.  For the reasons set forth below, the Court RECOMMENDS that Defendant's Motion be GRANTED.

**I.     Background**

Plaintiff, proceeding *pro se*, alleges his former employer, Defendant SP Plus, Inc., discriminated against him in violation of Title VII of the Civil Rights Act of 1964.  Plaintiff filed his Charge of Discrimination with the EEOC on an unknown date.[2]  The EEOC issued a Dismissal and Notice of Rights Letter (the "Right-to-Sue Letter") on February 4, 2021, which Plaintiff alleges he received on March 30, 2021.  ECF No. 1 at 1, 5.  On June 30, 2021, 92 days after he allegedly received the Right-to-Sue Letter, Plaintiff filed a complaint in this Court.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF No. 16.

[2] Plaintiff alleges in his complaint that he filed his charge with the EEOC on June 29, 2021. ECF No. 1 at 1. However, because the EEOC issued a Dismissal and Notice of Rights Letter on February 2, 2021, this date is incorrect.

1

Defendant moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, arguing that Plaintiff's Title VII claim is time-barred.  ECF No. 8.

II. **Applicable Legal Standards**

　A. **Rule 12(b)(6) Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the Court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

　B. **Timeliness**

A plaintiff in an employment discrimination case must exhaust administrative remedies before pursuing his claim in federal court.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id*. (citation omitted).  After receiving a right-to-sue letter, a plaintiff has ninety days to file a civil action.  42 U.S.C. § 2000e-5(f)(1); *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015).  Although "pro se complaints are held to less stringent standards," courts nonetheless construe the pre-filing requirements of Title VII

strictly. *Books A Million, Inc.*, 913 F.3d at 378-79. Indeed, courts within this circuit have dismissed cases in which a plaintiff missed the ninety-day period by just one or two days. *See, e.g.*, *Rinngold v. Nat'l Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (affirming dismissal of suit filed ninety-two days after EEOC decision was delivered to attorney); *Butler v. Orleans Parish Sch. Bd.*, No. Civ. A. 00-0845, 2001 WL 1135616, at *2-3 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period). Therefore, a complaint filed more than 90 days after the EEOC notice is received must be dismissed as time-barred under Rule 12(b)(6) or Rule 56 unless the plaintiff "establishes, for some justifiable reason, that the limitations period should be equitably tolled." *Bowers v. Potter*, 113 Fed. App'x 610, 613 (5th Cir. 2004); *Baker v. McHugh*, No. 15-41439, 2016 WL 7046615, at *3 (5th Cir. 2016) (per curiam) (affirming dismissal while noting that district court erred in dismissing under Rule 12(b)(1) rather than 12(b)(6)).

### III.     Analysis

After conducting its investigation into Plaintiff's claim of race discrimination, the EEOC issued the Right-to-Sue Letter on February 4, 2021 and Plaintiff alleges he received the letter on March 30, 2021. ECF No. 1 at 1, 5. Accordingly, Plaintiff had 90 days from the date he received the letter, or until June 28, 2021 to file a timely Title VII claim. However, Plaintiff did not file his complaint until June 30, 2021—more than 90 days after Plaintiff received the Right-to-Sue Letter. Therefore, Defendant argues that Plaintiff's claim is time-barred and should be dismissed with prejudice. ECF No. 8 at 3-4.

The Fifth Circuit has "identified three potential bases for equitable tolling of the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional

concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Stokes v. Dolgencorp, Inc.*, 367 Fed. App'x 545, 548 (5th Cir. 2010) (citing *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003)).  In his response filed in opposition to Defendant's motion to dismiss, Plaintiff does not argue, nor provide facts to establish, that the ninety-day filing period does not apply or should be equitably tolled.  Instead, Plaintiff reiterates the basis of his discrimination claim and argues that his case was filed within the allowed time and was conducted by the EEOC, who advised him to file suit.  ECF No. 14 at 2.

Accordingly, because Plaintiff failed to timely file his Title VII claim within the ninety-day period and has failed to provide facts to establish that the limitations does not apply or that it should be equitably tolled, Plaintiff's claim should be dismissed as untimely.

## IV.   Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 8) be GRANTED and Plaintiff's claim be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 17, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge